# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ORLANDO RESIDENCE, LTD,

                      **Plaintiff,**

    vs.                                          Case No. 04-C-439

GP CREDIT CO., LLC;
NASHVILLE LODGING COMPANY;
KENNETH E. NELSON;
SUSAN B. NELSON;
HAYVENHURST PENSION &
PROFIT SHARING PLAN;

                      **Defendants.**[1]

GP CREDIT CO., LLC.,

                    **Counterclaimant-
                    Third Party Plaintiff,**

ORLANDO RESIDENCE LTD.,

                    **Counterclaim Defendant,**

ORLANDO RESIDENCE GENERAL,
SAMUEL A. HARDAGE,
ADAM HARDAGE,
and BRIARLY HARDAGE,

                    **Third Party Defendants**

---

[1] The Court has amended the caption to delete Hayvenhurst, Inc. as a defendant. The caption of the first amended complaint lists Hayvenhurst, Inc. as a defendant, but contains no allegations against it. Without any allegations against it, there is no claim against Hayvenhurst, Inc. and it is not a party to this action.

## DECISION AND ORDER

This matter comes before the Court on the motion of the Defendants for leave to file a surreply brief to plaintiff Orlando Residence, Ltd.'s ("Orlando") reply in support of its summary judgment. (Docket No. 227.) In a response filed January 3, 2006, Orlando takes issue with the rationale advanced by the Defendants, but states that it will not object to the filing of the surreply. Absent objection by Orlando, the Court grants the Defendants' motion for leave to file the surreply and directs the Clerk of Court to file the Defendants' proposed surreply brief as their surreply brief as of this date.

Also before the Court is Orlando's Local Rule 7.4 expedited non-dispositive motion to continue pre-trial conference call and to request a rule 16 status conference. (Docket No. 230.) The Defendants do not oppose a continuance until the Court has decided the multiple pending dispositive motions. They further state that they believe that all issues in this case, other than the amount of punitive damages against Plaintiff for its tortious actions, can be decided by motion and are neutral on the request for the status conference. Having considered the matter and the parties' positions, the Court grants a continuance of the final pretrial conference and trial dates and denies the request for a Rule 16 conference. The Court will schedule any appropriate conference upon issuance of its decision on the pending motions.

Two other concerns will be addressed. The docket shows that the third party complaint was filed on April 13, 2005, but it does not indicate that service has been made upon

third party defendants, Orlando Residence General ("Orlando Gen."), Adam Hardage ("Adam H.") and Briarly Hardage ("Briarly H.") as required under Rule 4(h) and 4(e) of the Federal Rules of Civil Procedure. These third party defendants may be dismissed from this action for want of prosecution on the Court's own motion unless third party plaintiff GP Credit Co., LLC. ("GP Credit") submits by January 30, 2006, a proof of service showing that service was effected within the time frame prescribed in Rule 4(m), or that there is good cause why service has not been made.

On April 13, 2005, GP Credit also filed first supplemented counterclaims against Orlando. Although Orlando filed a reply to GP Credit's original counterclaim and cross motions for summary judgment are pending, Orlando has not filed a reply to the first supplemented counterclaim. GP Credit shall advise the Court of how it intends to proceed as to that counterclaim by January 30, 2006.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Defendants' motion for leave to file the surreply is (Docket No. 227) **GRANTED**;

The Clerk of Court **SHALL** file the Defendants' proposed surreply brief (Docket No 228) as their surreply brief as of this date;

Orlando's motion (Docket No. 230) for a continuance of the final pretrial conference is **GRANTED** and its request for a Rule 16 status conference is **DENIED** without prejudice;

The final pretrial conference scheduled for January 27, 2006, and the jury trial scheduled for February 21, 2006, are removed from the Court's calendar;

Any appropriate conference will be scheduled upon issuance of the Court's decision on the pending motions;

By **January 30, 2006**, GP Credit **SHALL** file proof of service of the third party complaint upon Orlando Gen., Adam H. and Briarly H or a statement indicating that there is good cause for failure to serve them;

Such third party defendants **MAY BE DISMISSED** from this action for want of prosecution on the Court's own motion unless service was effected within the time frame prescribed in Rule 4(m), or that there is good cause for failure to effect service;

GP Credit **SHALL** file a statement stating how it intends to proceed as to its first supplemented counterclaim by **January 30, 2006**;

GP Credit's first supplemented counterclaim **MAY BE DISMISSED** for want of prosecution on the Court's own motion if GP Credit does not file such statement;

Dated at Milwaukee, Wisconsin this 9th day of January, 2006.

        **BY THE COURT**

        **s/ Rudolph T. Randa**

        **Hon. Rudolph T. Randa**
        **Chief Judge**