ORLANDO RESIDENCE, LTD.,

                      **Plaintiff,**

    vs.

GP CREDIT CO., LLC;
NASHVILLE LODGING COMPANY;
KENNETH E. NELSON;
SUSAN B. NELSON;
HAYVENHURST, INC.;
HAYVENHURST PENSION &
PROFIT SHARING PLAN;[1]

                      **Defendants.**

                                                  **Case No. 04-C-439**

GP CREDIT CO., LLC.,

                      **Counterclaimant-
                      Third Party Plaintiff,**

    vs.

ORLANDO RESIDENCE LTD.,

                      **Counterclaim Defendant,**

ORLANDO RESIDENCE GENERAL,
SAMUEL A. HARDAGE,

                      **Third Party Defendants.**

---

[1] The caption of the amended complaint lists Hayvenhurst, Inc. as a defendant. But, the complaint contains no allegations regarding Hayvenhurst, Inc. *See Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994) (upholding district court's dismissal of a complaint that alleged no specific act or conduct on the part of the defendant and was silent as to the defendant except for his name appearing in the caption). Hayvenhurst, Inc. has also not entered an appearance in this action. Because the existence of subject matter jurisdiction has not been established, the Court takes no action at this time.

## DECISION AND ORDER

**Motion to Remand**

By a Civil Local Rule 7.4 expedited non-dispositive motion, Plaintiff Orlando Residence, Ltd. ("Orlando Residence"), moves the Court to remand this action to state court (Docket No. 262) for lack of subject matter jurisdiction. Orlando Residence challenges the sufficiency of the factual predicate in the notice of removal for the invocation of diversity jurisdiction.[2] Orlando Residence maintains that because Defendant Hayvenhurst Pension & Profit Sharing Plan ("Hayvenhurst"), purports to be a pension plan, its citizenship depends upon the citizenship of the plan participants and that, because the notice of removal does not identify the participants of the plan and their citizenship, this Court lacks subject matter jurisdiction over this action. (Local Rule 7.4 Expedited Non-Dispositive Mot. Remand 2 ¶¶ 3-4.) Orlando Residence also states, in a footnote, that the notice of removal does not state the citizenship of the members of Defendant GP Credit Co., LLC ("GP Credit").

Defendants GP Credit, Nashville Lodging Company ("Nashville Lodging"); Kenneth E. Nelson ("Kenneth N."), Susan B. Nelson ("Susan N."), and Hayvenhurst (collectively the "Defendants") have filed the declaration of Susan N. (Docket No. 265) which relates facts existing as of the date of the August 28, 2003, removal of this action. Susan N. was

---

[2]Orlando Residence filed this action in the Chancery Court for Davidson County, Tennessee. On August 28, 2003, the Defendants removed the action to the United States District Court for the Middle District of Tennessee. Thereafter, the action was transferred to this District by the Tennessee Middle District Court pursuant to 28 U.S.C. § 1404. The Court previously addressed the transfer and related issues. (*See* Decision and Order at 7-12 (E.D. Wis. Sept. 29, 2006)).

"the sole participant in Hayvenhurst" and she was a citizen of Wisconsin. (Susan N. Decl. ¶ 2.) Barbara Simmelink ("Simmelink") was "the sole trustee of Hayvenhurst" and Simmelink was a citizen of Wisconsin. (*Id.* at ¶ 3.) Susan N. and Hayvenhurst were the sole members of GP Credit as of that date. (*Id.* at ¶ 4.)

The Defendants' notice of removal asserted that the district court had subject matter jurisdiction under 28 U.S.C. § 1332 because Orlando Residence and the Defendants are citizens of different states within the meaning of § 1332 and Orlando Residence seeks damages in excess of $75,000, exclusive of interests and costs. (Notice of Removal 2.) (Docket No. 1.) The notice of removal states Orlando Residence is a dissolved Florida limited partnership whose principal is Samuel Hardage ("Hardage") and that upon information and belief Hardage is a citizen and resident of California and "all Defendants are citizens and residents of the State of Wisconsin." (*Id.*)

Removal is proper over any action that could have been filed originally in federal court. *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (citing 28 U.S.C. § 1441; *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)). In removal cases, the party seeking to invoke federal diversity jurisdiction; that is, the removing party bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal. *Tylka*, 211 F.3d at 448. Allegations of residency are insufficient to establish diversity jurisdiction. *Id.*

For diversity of citizenship purposes, a limited liability company has the citizenship of each of its members. *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir.

2006); *J.D. Friess v. Quest Cherokee, LLC*, No. 06-2563-KHV, 2007 WL 473729 at * 1 (D. Kan. Feb. 9, 2007); *Maroy v. ISIS, LLC*, No. Civ.-06-0776-F, 2006 WL 2056661 (W.D. Okla. July 21, 2006). For diversity purposes, a trust is a citizen of whatever state the trustee is a citizen. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980); *May Dept. Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002) (holding that an ERISA plan, as a trust, was a citizen of the same state as its trustee for diversity purposes.)

Citing *Recreation Services, Inc. Defined Benefit Plan v. Utah Mortgage Co.*, 735 F. Supp. 856, 859 (N.D. Ill. 1990) (citing *Navarro Savings* and *Xarus v. U.S. Fidelity and Guaranty Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)), Orlando Residence asserts that for the purposes of jurisdiction under § 1332, the citizenship of the plan is that of its participants. Interesting though, Orlando Residence also cites *Central States, Southeast and Southwest Areas Pension Fund v. Art Pape Transfer, Inc.*, 79 F.3d 651, 653 (7th Cir. 1996), which states that the record in the case did not reveal the citizenship of the ERISA plan trustees and, therefore, did not support adjudication under diversity jurisdiction. The statement in *Art Pape Transfer* is consistent with the holding of *Lenon v. St. Paul Mercury Insurance Company*, 136 F.3d 1365, 1370-1372 (10th Cir. 1998), that an ERISA plan's citizenship would be based on the citizenship of the trustees. If Hayvenhurst is an unincorporated association, its citizenship would be based on that of each of its members - a determination which would involve unraveling many layers until all the involved individuals were reached. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

The uncontroverted evidence proffered by the Defendants establishes that on the date of the removal, Susan N. and Hayvenhurst were the sole members of GP Credit. GP Credit is a limited liability company formed and existing under the laws of Oklahoma. Susan N. was the "sole participant" in Hayvenhurst and she was a citizen of Wisconsin. Simmelink was the "sole trustee" of Hayvenhurst and Simmelink was a citizen of Wisconsin.

If Hayvenhurst is an ERISA plan, as trust, it would be a citizen of Wisconsin. *May Dept.*, 305 F.3d at 599. However, the Defendants do not provide any explicit legal identification of Hayvenhurst. It has a trustee, but does it necessarily follow that Hayvenhurst is a trust? Exactly what type of legal entity was Hayvenhurst at the time of removal? If Hayvenhurst was an unincorporated association, its citizenship would be that of each of its members. But, unless the Defendants are using participants as a synonym for members, Susan N.'s declaration does not disclose Hayvenhurst's members. The Court poses these questions because "whenever a party to a diversity suit is neither a business corporation nor a human being the Court and the lawyers for the parties must do careful legal research to determine the citizenship of the party rather than content themselves with making a wild stab in the dark." *Id.*

The original (and amended) complaints state: "Hayvenhurst is a resident of the State of Wisconsin." (Compl. ¶ 5; Am. Compl. ¶ 5 (Docket No. 1 & 67).) Residency is irrelevant for diversity purposes. *Tylka*, 211 F.3d at 448. No further description of Hayvenhurst is furnished by the complaints or the original or amended answers. The information provided by Susan N's declaration falls short of disclosing sufficient information to satisfy the Defendants' burden of establishing the existence of subject matter jurisdiction as of the date the

action was removed from state court. Therefore, no later than June 22, 2007, the Defendants shall file a supplemental jurisdictional statement containing all relevant facts, including the legal identity of Hayvenhurst, so that the Court may ascertain the citizenship of Hayvenhurst and GP Credit (of which Hayvenhurst is a member), at the time of removal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Defendants **SHALL** file a supplemental jurisdictional statement **no later than June 22, 2007,** containing all relevant facts, including the legal identification of Hayvenhurst, so that the Court may ascertain the citizenship of Hayvenhurst and GP Credit (of which Hayvenhurst is a member).

Dated at Milwaukee, Wisconsin, this 31st day of May, 2007.

**BY THE COURT:**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**