UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ORLANDO RESIDENCE, LTD.,

                    Plaintiff,

    v.

GP CREDIT CO., LLC;
NASHVILLE LODGING COMPANY;
KENNETH E. NELSON;
SUSAN B. NELSON; and
HAYVENHURST PENSION &
PROFIT SHARING PLAN;

                    Defendants.

                                                               **Case No. 04-C-439**

GP CREDIT CO., LLC.,

                  Counterclaimant-
                  Third Party Plaintiff,

    v.

ORLANDO RESIDENCE LTD.,

                  Counterclaim Defendant,

ORLANDO RESIDENCE GENERAL, and
SAMUEL A. HARDAGE,

                  Third Party Defendants.

## DECISION AND ORDER

This Decision and Order addresses the motion filed by plaintiff Orlando Residence, Ltd. ("Orlando Residence"), seeking a remand of this action to state court (Docket No. 262) for lack of subject matter jurisdiction. The motion challenges the sufficiency of the factual predicate in the notice of removal for the invocation of diversity jurisdiction.[1]

The Defendants responded, presenting uncontroverted evidence establishing that on the date of the removal, Susan N. and Hayvenhurst Pension & Profit Sharing Fund ("Hayvenhurst") were the sole members of GP Credit.[2] GP Credit is a limited liability company formed and existing under the laws of Oklahoma. Susan N. was the "sole participant" in Hayvenhurst and she was a citizen of Wisconsin. Simmelink was the "sole trustee" of Hayvenhurst and Simmelink was a citizen of Wisconsin.

On May 31, 2007, this Court issued a decision and order requiring that the Defendants file a supplemental jurisdictional statement because the Defendants had not provided any explicit legal identification of Hayvenhurst. On June 1, 2007, the Defendants filed the required statement and indicated that, at the time of removal, Hayvenhurst was a trust and an ERISA plan.

---

[1] Orlando Residence filed this action in the Chancery Court for Davidson County, Tennessee. On August 28, 2003, the Defendants removed the action to the United States District Court for the Middle District of Tennessee. Thereafter, the action was transferred to this District by the Tennessee Middle District Court pursuant to 28 U.S.C. § 1404. The Court previously addressed the transfer and related issues. (*See* Decision and Order at 7-12 (E.D. Wis. Sept. 29, 2006)).

[2] The Defendants' notice of removal asserts that the district court has subject matter jurisdiction under 28 U.S.C. § 1332 because Orlando Residence and the Defendants are citizens of different states within the meaning of § 1332 and Orlando Residence seeks damages in excess of $75,000, exclusive of interests and costs. (Notice of Removal 2.) (Docket No. 1.) The notice of removal states Orlando Residence is a dissolved Florida limited partnership whose principal is Samuel Hardage ("Hardage") and that upon information and belief Hardage is a citizen and resident of California and "all Defendants are citizens and residents of the State of Wisconsin." (*Id*.)

Removal is proper in any action that could have been filed originally in federal court. *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (citing 28 U.S.C. § 1441; *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)). In removal cases, the removing party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal. *Tylka*, 211 F.3d at 448. Allegations of residency are insufficient to establish diversity jurisdiction. *Id.*

For diversity purposes, a trust is a citizen of whatever state the trustee is a citizen. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980); *May Dept. Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002) (holding that an ERISA plan, as a trust, was a citizen of the same state as its trustee for diversity purposes.) At the time of removal, Hayvenhurst was an ERISA plan and, as a trust, it was a citizen of Wisconsin. *See May Dept.*, 305 F.3d at 599. The Defendants have established that, as of the date of removal, the Court had subject matter jurisdiction. Therefore, Orlando Residence's Civil Local Rule 7.4 motion to remand this action to state court is denied.

In its May 31, 2007, Decision and Order, the Court noted that the caption of the amended complaint lists Hayvenhurst, Inc. as a defendant, but contains no allegations regarding that entity – making Hayvenhurst, Inc. subject to dismissal from the action. *See Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994) (upholding district court's dismissal of a complaint that alleged no specific act or conduct on the part of the defendant and was silent as to the defendant except for his name appearing in the caption). The Court took no action because the existence

of subject matter jurisdiction was uncertain. Now, the Court is satisfied that it has subject matter jurisdiction over this action and Hayvenhurst, Inc. is dismissed from this action. The Court has amended the caption to reflect the dismissal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Orlando Residence's Civil Local 7.4 motion to remand (Docket No. 262) is **DENIED**.

Hayvenhurst, Inc. is **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2007.

**BY THE COURT:**


**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**