# United States District Court

EASTERN DISTRICT OF WISCONSIN

**JUDGMENT IN A CIVIL CASE**

**ORLANDO RESIDENCE LTD.,**

       Plaintiff,

       V.            CASE NUMBER: **04-C-439**

**GP CREDIT CO., LLC,**
**NASHVILLE LODGING COMPANY,**
**KENNETH NELSON,**
**SUSAN B. NELSON,**

       Defendants.

-----------------------------------------------------------

**GP CREDIT CO., LLC,**

       Counter-Claimant-
       Third-Party Plaintiff,

       V.

**ORLANDO RESIDENCE LTD.,**

       Counterclaim Defendant,

**ORLANDO RESIDENCE GENERAL,**
**SAMUEL HARDAGE,**

       Third-Party Defendants.

☒    **Decision by Court.** This action came on for consideration and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the Defendants' motion for summary judgment dismissing Orlando's claims for fraud and alter ego is **GRANTED**. Orlando's fraud claim based on the May 2001 sale of assets is barred by the doctrines of claim preclusion (*res judicata*) and issue preclusion (*collateral estoppel*). Orlando's alter ego claim is dismissed because the underlying fraud claims are dismissed.

Defendants' motion to dismiss Orlando's complaint for failure to plead fraud with particularity is **GRANTED**. This motion is granted to the extent that Orlando attempted to state a fraud claim based on a sale of assets in 1994. This claim does not meet the pleading requirements of Fed. R. Civ. P. 9(b).

Orlando's motion for summary judgment on its claims against the defendants (including GP Credit) is **DENIED**. The June 2005 default judgment obtained by Orlando against GP Credit in Tennessee Chancery Court is not preclusive with regard to Orlando's claims in this action.

Orlando's motion for summary judgment dismissing the defendants' claims is **GRANTED**, and GP Credit's motions for partial summary judgment on its claims against Orlando are **DENIED**. GP Credit's restitution claim is barred by the *Rooker-Feldman* doctrine. Orlando is entitled to summary judgment on GP Credit's interference claim because GP Credit failed to provide evidence that Orlando intentionally interfered with GP Credit's efforts to settle the Metric Chose litigation. To the extent that Tennessee law applies to GP Credit's slander of title claim, this claim is barred by Tennessee's absolute judicial privilege for statements made in the course of judicial proceedings. To the extent that Wisconsin law applies to GP Credit's slander of title claim, Orlando is entitled to summary judgment because GP Credit failed to provide evidence that Orlando's Tennessee or Wisconsin pleadings played a material and substantial part in inducing any third parties to refrain from dealing with GP Credit. The slander claim also fails because GP Credit failed to demonstrate that Orlando's pleadings were calculated to prevent others from dealing with GP Credit or were made to interfere with GP Credit's relations with any third parties.

**This action is hereby DISMISSED.**

| | |
|---|---|
| **September 28, 2007** | **JON W. SANFILIPPO** |
| Date | Clerk |
| | s/ Linda M. Zik |
| | (By) Deputy Clerk |