**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ORLANDO RESIDENCE LTD,**

                Plaintiff,

    -vs-

**GP CREDIT CO., LLC,**
**NASHVILLE LODGING COMPANY,**
**KENNETH NELSON, SUSAN B. NELSON,**

                Defendants.

-------------------------------------------------------------------      **Case No. 04-C-439**

**GP CREDIT CO., LLC,**

                Counter-claimant-
                Third-Party Plaintiff,

    -vs-

**ORLANDO RESIDENCE LTD.,**

                Counterclaim Defendant,

**ORLANDO RESIDENCE GENERAL,**
**SAMUEL HARDAGE,**

                Third Party Defendants.

---

## DECISION AND ORDER

---

On September 28, 2007, the Court entered an order regarding eleven (11) outstanding motions in the above-captioned matter. The effect of the Court's order was to dismiss every single claim and counterclaim in the case. However, the defendants (principally GP Credit

Co.) filed a motion to alter or amend under Fed. R. Civ. P. 59(e).[1] For the reasons that follow, GP Credit's motion is denied.

## ANALYSIS

A Rule 59(e) motion "'is not intended to allow the parties to relitigate old issues, to advance new theories, or to rehear the merits of a case.'" *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993) (quoting *Renfro v. City of Emporia, Kansas*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)). A Rule 59(e) motion should be granted only if there has been a "mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 785 n.13 (7th Cir. 1994).

### I. Restitution

The Court held that GP Credit's restitution counterclaim was barred by the *Rooker-Feldman* doctrine, which prohibits inferior federal courts from exercising appellate review over state court decisions. *See Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509 (7th Cir. 1996). The Court reasoned that GP Credit's claim was barred because it demanded a declaration that the judgments and orders in parallel Tennessee litigation (Case No. 92-3086-III) were and are void for lack of subject matter jurisdiction. GP Credit's restitution claim was raised in the course of these proceedings in Tennessee.

---

[1] In a footnote in Orlando's response brief, Orlando takes issue with some aspects of the Court's ruling. Absent the filing of a formal motion, the Court will not address these arguments.

GP Credit argues that this was error in light of the Supreme Court's holding in *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).[2] In *Exxon*, the Supreme Court granted *certiorari* to "resolve conflict among the Courts of Appeals over the scope of the *Rooker-Feldman* doctrine." *Exxon*, 544 U.S. at 291. The Supreme Court held that "neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court." *Exxon*, 544 U.S. at 292. In other words, *Rooker-Feldman* only applies to cases where "the losing party in state court filed suit in federal court *after the state proceedings ended*." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) (emphasis in original).

The instant case was initially filed in July 2003, and the restitution counterclaim was filed on September 23, 2004. (Docket No. 46). While this case was still pending, the Tennessee Court of Appeals affirmed Orlando's judgment in on July 7, 2006, and the case became final when the Tennessee Supreme Court denied review on December 27, 2006. Accordingly, GP Credit argues that *Rooker-Feldman* does not bar its restitution counterclaim because the state proceedings were still ongoing when the instant case commenced. However, the Tennessee court of appeals affirmed the rejection of GP Credit's restitution claim on May 21, 2002, and the Tennessee Supreme Court dismissed an application for review on January 27, 2003. *See Orlando Residence, Ltd. v. Nashville Lodging Company*, 104 S.W.3d 848, 852, 855 (Tenn. App. 2002). Therefore, the Court is not convinced that the

---

[2] *Exxon* was not mentioned in any of the briefs before the Court because it was decided after the briefing schedule ended.

-3-

rule of *Exxon* applies, since the Tennessee courts entered judgment on GP Credit's restitution counterclaim long before the restitution claim was filed in the instant case.

However, the Court recognizes that application of the *Rooker-Feldman* doctrine is not exactly a straightforward proposition. *See, e.g., Garcia v. Village of Mount Prospect*, 360 F.3d 630, 634 n.5 (7th Cir. 2004) (taking note of the "complexities of the doctrine"). Therefore, the Court will pause to discuss the closely related doctrine of *res judicata*. Orlando raised *res judicata* as an alternative ground for dismissal in its principal brief, but the Court did not address those arguments in its September Decision and Order. The distinction between *Rooker-Feldman* and *res judicata* is a fine one, *see Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 2005), so the Court is well-advised to discuss both doctrines.

"In contrast to the *Rooker-Feldman* doctrine, *res judicata* does not concern itself with the determination of whether a district court may properly exercise subject matter jurisdiction in a particular case. Rather, *res judicata* constitutes an affirmative defense and is dependant upon the Full Faith and Credit Statute, 28 U.S.C. § 1738, which requires federal courts to give a state court judgment the same preclusive effect it would have in state court." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir. 1999).

As noted above, GP Credit pressed its restitution claim in Tennessee, Case No. Case No. 92-3086-III, but GP Credit believes that the adverse judgments in that case are void for lack of subject matter jurisdiction. However, GP Credit[3] appeared in those actions and fully litigated the issues of standing and subject matter jurisdiction. "Even if a foreign court

---

[3] Nashville Lodging was the party of interest in the Tennessee proceedings, but GP Credit purchased the purported right of restitution from Nashville Lodging at a public sale. (Docket No. 90, Proposed Findings of Fact, ¶ 34).

-4-

lacked jurisdiction to pronounce a judgment, a party will be barred from collaterally attacking a judgment entered by that court if the party appeared there, contested jurisdiction, and lost." *U.S. ex rel Robinson Rancheria v. Borneo, Inc.*, 971 F.2d 244, 250 (9th Cir. 1992) (citing *Durfee v. Duke*, 375 U.S. 106, 111-12 (1963)). Therefore, GP Credit is barred from re-litigating the same issues here.

GP Credit argues that this rule is inapplicable because in Tennessee, void judgments are subject to collateral attack. In other words, GP Credit argues that the question before the Court is how a Tennessee court would treat a void Tennessee judgment, not how this court should treat a void foreign judgment. This creative attempt to distinguish the rule in *Durfee* is unpersuasive. The problem for GP Credit is that subject matter jurisdiction and standing were fully litigated in Tennessee. Under *Durfee*, the Tennessee court's determination that it had jurisdiction is entitled to full faith and credit, even if (as GP Credit argues) that determination was wrong. *See Robinson Rancheria*, 971 F.2d at 250 ("If the foreign court decided that it had jurisdiction to hear a claim, that determination itself is *res judicata*"); *see also State of Tennessee ex. rel. Sizemore v. Surety Bank, N.A.*, 200 F.3d 373, 379-81 (5th Cir. 2000) (state court's own determination that it had subject matter jurisdiction treated as a separate issue from whether the court actually had subject matter jurisdiction for purposes of full faith and credit).

## II. Interference with a prospective business relationship

The Court dismissed GP Credit's interference claim, at least in part, because GP Credit "fail[ed] to marshal evidence demonstrating that Orlando intentionally interfered with

-5-

those settlement efforts." (Docket No. 284 at 13). GP Credit argues that this was an improper inference on summary judgment. The Court reviewed the evidence provided by GP Credit, which was insufficient to defeat summary judgment. *See In re Kontrick*, 295 F.3d 724, 737 (7th Cir. 2002) (party cannot defeat summary judgment simply by raising "metaphysical doubt" about his intent); *Morgan v. Harris Trust and Savings Bank*, 867 F.2d 1023, 1026 (7th Cir. 1989) ("Summary judgment will not be defeated simply because issues of motive or intent are involved, and is proper when plaintiff fails to indicate any motive or intent to support plaintiff's position").

### III. Slander of title

The Court held that GP Credit's slander of title claim was barred under Tennessee law by the doctrine of absolute judicial privilege. GP Credit argues that this was error because the Court failed to distinguish between publication and the "act of communication." This is a choice of law issue, which the Court did not consider because it held that GP Credit's claim was barred under both Tennessee and Wisconsin law. As for the application of Wisconsin law, GP Credit argues once again that the Court improperly weighed evidence on summary judgment. Once again, the Court disagrees. GP Credit's evidence on inducement was conclusory and insufficient to defeat Orlando's motion for summary judgment.

### IV. Restitution – bond proceeds

GP Credit argues that the Court should order restitution with respect to the proceeds of a bond filed with the Chancery Court in Davidson County, Tennessee. This claim was

-6-

never asserted in the underlying proceedings, and it is far too late in the game to be asserting new claims by virtue of a motion to alter or amend.

## V. Injunction

The defendants moved the Court to enjoin Orlando from asserting anywhere, in any court, any claim against any asset acquired by GP Credit from Nashville Lodging on May 11, 2001. The dismissal of GP Credit's slander of title claim carries the implication that injunctive relief is inappropriate. Obviously, there is no likelihood of success on the merits when the underlying claim is without merit.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the defendants' motion to alter or amend [Docket No. 287] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge**