# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ORLANDO RESIDENCE LTD,**

        Plaintiff,

  **-vs-**

**GP CREDIT CO., LLC, et al.,**

        Defendants.

-------------------------------------------------------------------     **Case No. 04-C-439**

**GP CREDIT CO., LLC,**

        Counter-claimant-
        Third-Party Plaintiff,

  -vs-

**ORLANDO RESIDENCE LTD.,**

        Counterclaim Defendant,

**ORLANDO RESIDENCE GENERAL, et al.,**

        Third Party Defendants.

-------------------------------------------------------------------

**SUSAN B. NELSON,**

        Plaintiff,

  -vs-     **Case No. 07-C-436**

**ORLANDO RESIDENCE LTD., et al.,**

        Defendants.

## DECISION AND ORDER

These matters come before the Court on remand from the Seventh Circuit. In a series of orders, this Court dismissed all of the claims and counterclaims in these cases and entered judgment accordingly. On appeal, the Seventh Circuit affirmed in part, reversed in part, and remanded with instructions, holding that "the judgment of the district court is reversed insofar as it rejected Orlando's alter ego claim against GP Credit but in all other respects is affirmed." *Orlando Residence, Ltd. v. GP Credit Co., LLC*, 553 F.3d 550, 558, 559 (7th Cir. 2009). Not surprisingly, the parties do not agree upon the scope and impact of the Seventh Circuit's mandate.

The mandate rule "requires a lower court to adhere to the commands of a higher court on remand." *United States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995). This rule is a stricter corollary of the "law of the case" doctrine. *Id.* at 779. When a "court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court." *Waid v. Merrill Area Public Schools*, 130 F.3d 1268, 1272 (7th Cir. 1997). The mandate is only controlling "as to matters within its compass." *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000) (citing *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). On remand, the district court retains authority to dispose of other issues not addressed. *Id.* To determine what issues were actually decided by the mandate requires a "careful reading of the reviewing court's opinion." *Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998).

Defendants (GP Credit Co., Nashville Lodging Co., Kenneth Nelson and Susan Nelson) argue that the Seventh Circuit's mandate does not require entry of judgment with

regard to Orlando's alter ego claim. According to defendants, the Seventh Circuit only rejected the specific reasons this Court gave for dismissing the alter ego claim, so all of the other arguments presented by defendants but not addressed by the Court are fair game on remand. This cannot be correct. If any of defendants' other arguments were meritorious, the Seventh Circuit would have affirmed. By reversing the Court's ruling with respect to Orlando's alter ego claim, the Seventh Circuit impliedly held that there was no basis *in the entire record* to justify dismissal. The Seventh Circuit did not contemplate reconsideration of the arguments presented on summary judgment. The clear import of the Seventh Circuit's decision is that Orlando's alter ego theory is meritorious.

On the other hand, Orlando argues that the Court should order the sale of GP Credit's property in satisfaction of its judgment immediately. The Seventh Circuit's opinion was strongly worded in many respects with regard to defendants' evasive maneuvers. The key language in the opinion is as follows:

> The basis on which Orlando seeks to add GP Credit as a defendant is not that Orlando owns the Metric lawsuit but that GP Credit is the alter ego of Kenneth Nelson . . . so that the property of GP Credit, including therefore the Metric lawsuit, is available for satisfaction of Orlando's judgment against Nelson. . . . [B]y suing GP Credit, [Orlando] is simply trying to collect its judgment against Nelson from Nelson's alter ego. That is entirely proper, and so its claim should not have been dismissed.

*Orlando Residence*, 553 F.3d at 555. Accordingly, Orlando moves the Court for entry of judgment and to proceed with writs of garnishment and execution against various bank accounts that are personalty located in the Eastern District of Wisconsin. *See* Fed. R. Civ. P. 69(a). Orlando also moves the Court to direct the U.S. Marshal to sell two parcels of real

-3-

property and to apply the proceeds of sale to Orlando's judgment. *See* 28 U.S.C. § 2001(a).

However, as the Seventh Circuit was aware, Orlando is simultaneously pursuing an action in Ozaukee County Circuit Court to collect its judgment against Kenneth Nelson. On November 18, 2008, the circuit court issued an order directing that all of the assets owned by Susan Nelson, Kenneth Nelson, GP Credit, and other Nelson entities are available to apply to this judgment. *See Orlando Residence v. Nelson*, No. 07-FJ-00001 (Ozaukee County), November 18, 2008 Order (No. 04-C-439, D. 302-2). These are the assets that Orlando now asks *this* Court to seize in satisfaction of the same judgment.

In a previous order, the Court applied the doctrine of "prior exclusive jurisdiction" to dismiss Susan Nelson's quiet title action in deference to the Ozaukee County action. *See Nelson v. Orlando Residence*, No. 07-C-436 (E.D. Wis.) (D. 27). When the jurisdiction of a state court has first attached, a federal court is precluded from exercising jurisdiction over the same *res* to defeat or impair the state court's jurisdiction. *See Kline v. Burt Construction Co.*, 260 U.S. 226, 229 (1922). The court "first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Casualty Co. Pennsylvania*, 294 U.S. 189, 195 (1935). The purpose of this rule is to "avoid unseemly and disastrous conflicts in the administration of our judicial system, and to protect the judicial processes of the court first assuming jurisdiction." *Id.*

The Ozaukee County order is currently stayed pending appeal in the Wisconsin Court of Appeals. However, the circuit court's continuing jurisdiction over the relevant assets is without question. Pending the outcome of the appeal, the circuit court directed that the bank

-4-

accounts would be held in trust by the Nelsons *in custodia legis* under penalty of contempt. The circuit court also issued a lien *lis pendens* to Orlando on the parcels of real property. More generally, the circuit court ordered the Nelsons "not to transfer, pledge, encumber, or otherwise alienate any interest" in the real and personal property subject to the order. *See* No. 04-C-439, D. 302-2, Ozaukee County Order, pp. 5-8. So long as this arrangement exists, the Court cannot allow Orlando to pursue *in rem* proceedings in execution of its judgment. *Compare United States v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso*, 362 F. Supp. 2d 1175, 1183 (C.D. Cal. 2005) ("a lien is an alternative manner by which a court may exercise dominion or control over property"); *FG Hemisphere Associates, LLC v. Republique du Congo*, 455 F.3d 575, 589 (5th Cir. 2006) (garnishment is a *quasi in rem* proceeding by a creditor to reach property of the debtor that is in possession of a third party, the garnishee).

This conclusion does not run afoul of the Seventh Circuit's mandate. The statement that "the property of GP Credit . . . is available for satisfaction of Orlando's judgment against Nelson" is general and cannot be read in derogation of the "prior exclusive jurisdiction" doctrine. In any event, this property *is* available to satisfy Orlando's judgment against Nelson, just not at this time before this Court. Orlando can return to this Court to execute on its judgment if the circuit court relinquishes its control over the relevant assets. Currently, Orlando's rights are being protected by the Ozaukee County order.

Finally, the Seventh Circuit concluded its opinion by declaring that the "time has come to put an end to the defendants' stubborn efforts to prevent Orlando from obtaining the
-5-

relief to which it is entitled." *Orlando Residence*, 553 F.3d at 558. The Seventh Circuit then directed the Court to consider "enjoining the defendants from further maneuvers to evade the judgments that Orlando has obtained against them. The authority for issuing such an injunction (a 'bill of peace,' as it is called) is well established." *Id.* at 559 (citations omitted).

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts retain the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *see also Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) (district courts may enjoin vexatious litigants from filing future state court actions). To determine whether such a pre-filing injunction is appropriate, courts examine (1) the history of vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant was represented by counsel; (4) whether the litigant caused needless expense or posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

The history of defendants' efforts to evade Orlando's collection efforts is well-established. *See Orlando Residence*, 553 F.3d at 554 (Orlando's "challenge was to collect these judgments"). For example, the Court made note of the "rather transparent motivation . . . to divest the Ozaukee County Circuit Court of its jurisdiction over Susan Nelson's assets" when it dismissed her quiet title action, Case No. 07-C-436. D. 27 at 4. The quiet title action was actually the third in a series of attempts to avoid jurisdiction in Ozaukee County. *See Orlando Residence v. Nelson*, No. 07-C-138 (E.D. Wis.) (remanding case removed from

-6-

Ozaukee County) (D. 8); No. 04-C-439, D. 275 (denying motion to amend counterclaim). Defendants' attempts to avoid the satisfaction of Orlando's judgment caused needless expense. Nothing short of an injunction will be an effective deterrent. *See* Case No. 04-C-439, D. 284 at 15 (denying Orlando's motion for Rule 11 sanctions because "an award of sanctions is unlikely to deter either party from pursuing claims in this or any other forum, frivolous or not").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Orlando's motion for judgment [D. 300] in Case No. 04-C-439 is **GRANTED-IN-PART** and **DENIED-IN-PART**, consistent with the foregoing opinion, such that GP Credit Co., LLC is the alter ego of Kenneth E. Nelson, and is liable for Orlando's Judgment (D. 83-10) filed September 25, 2000 against Kenneth E. Nelson in the principal amount of $797,615;

2. GP Credit, Kenneth Nelson and Susan Nelson (the "Enjoined Parties") are **ENJOINED** from filing any further legal actions or claims against Orlando, Samuel Hardage, or any member of his family, without prior approval of this Court. Before taking any such action, the Enjoined Parties must file a motion for leave captioned in Case No. 04-C-439. The motion for leave to file must include a copy of this Order and a copy of the proposed filing; and

3. The Clerk of Court is directed to enter judgment accordingly. Both of the above-captioned matters should be **CLOSED**.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2009.

                              **SO ORDERED,**

                              *s/ Rudolph T. Randa*
                              **HON. RUDOLPH T. RANDA**
                              **Chief Judge**